# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| ROSALINDA BURGOS, | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | CAUSE NO.: 2:18-CV-230-JEM |
| | ) | |
| ANDREW SAUL, | ) | |
| Commissioner of the | ) | |
| Social Security Administration, | ) | |
|     Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court on a Complaint [DE 1], filed by Plaintiff Rosalinda Burgos on June 14, 2018, and Plaintiff's Opening Brief [DE 16], filed November 28, 2018. Plaintiff requests that the decision of the Administrative Law Judge be reversed and remanded for further proceedings. On February 22, 2019, the Commissioner filed a response, and on March 18, 2019, Plaintiff filed a reply.

## I.   Background

On July 25, 2014, Plaintiff filed applications for benefits alleging that she became disabled on October 6, 2013. Plaintiff's applications were denied initially and upon consideration. On November 9, 2016, Administrative Law Judge ("ALJ") Kathleen Kadlec held a video hearing, at which Plaintiff, with an attorney and a vocational expert ("VE"), testified. On May 1, 2017, the ALJ issued a decision finding that Plaintiff was not disabled.

The ALJ made the following findings under the required five-step analysis:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2018.

2. The claimant has not engaged in substantial gainful activity since October 6, 2013, the alleged onset date.

3. The claimant has the following severe impairments: osteoarthritis with associated arthroscopy of the knee in 2014; degenerative disc disease ("DDD") of the lumbar spine; DDD of the cervical spine with perineual cysts; arthritis of the hip; CMC arthritis; carpal tunnel syndrome ("CTS"), as well as bunions and hammertoe.

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.

5. The claimant has the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) except she can operate hand controls with her right hand frequently. She can handle, finger and feel frequently with the right hand. The claimant can occasionally stoop, kneel, crouch, crawl, as well as climb ramps and stairs, but never climb ladders, ropes or scaffolds. She can never be exposed to work around unprotected heights, moving mechanical parts or operating a motor vehicle.

6. The claimant is capable of performing her past relevant work as a house cleaner, sales clerk, or cook, as this work does not require the performance of work-related activities precluded by the claimant's residual functional capacity.

7. The claimant has not been under a disability, as defined in the Social Security Act, since October 6, 2013.

The Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision the final decision of the Commissioner.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c) and 42 U.S.C. § 405(g).

## II.  Standard of Review

The Social Security Act authorizes judicial review of the final decision of the agency and indicates that the Commissioner's factual findings must be accepted as conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Thus, a court reviewing the findings of an ALJ will

reverse only if the findings are not supported by substantial evidence or if the ALJ has applied an erroneous legal standard. *See Briscoe v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005) (quoting *Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003)).

A court reviews the entire administrative record but does not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, decide questions of credibility, or substitute its judgment for that of the ALJ. *See Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005); *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999). Thus, the question upon judicial review of an ALJ's finding that a claimant is not disabled within the meaning of the Social Security Act is not whether the claimant is, in fact, disabled, but whether the ALJ "uses the correct legal standards and the decision is supported by substantial evidence." *Roddy v. Astrue,* 705 F.3d 631, 636 (7th Cir. 2013) (citing *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010); *Prochaska v. Barnhart*, 454 F.3d 731, 734-35 (7th Cir. 2006); *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004)). "[I]f the Commissioner commits an error of law," the Court may reverse the decision "without regard to the volume of evidence in support of the factual findings." *White v. Apfel*, 167 F.3d 369, 373 (7th Cir. 1999) (citing *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997)).

At a minimum, an ALJ must articulate his or her analysis of the evidence in order to allow the reviewing court to trace the path of her reasoning and to be assured that the ALJ considered the important evidence. *See Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002); *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995). An ALJ must "'build an accurate and logical bridge from the evidence to [the] conclusion' so that, as a reviewing court, we may assess the validity of the

agency's final decision and afford [a claimant] meaningful review." *Giles v. Astrue*, 483 F.3d 483, 487 (7th Cir. 2007) (quoting *Scott*, 297 F.3d at 595); *see also O'Connor-SpinnerI*, 627 F.3d at 618 ("An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and his conclusions."); *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001) ("[T]he ALJ's analysis must provide some glimpse into the reasoning behind [the] decision to deny benefits.").

## III. Analysis

Plaintiff argues that the ALJ failed to support the RFC with substantial evidence, failed to properly evaluate her mental impairments, improperly relied on inadequate VE testimony, improperly evaluated Plaintiff's subjective symptoms, and erred in weighing the opinion of her treating physician.

Plaintiff argues that the ALJ erred in giving little weight to the opinion of her treating physician, Ralph Richter, M.D. Dr. Richter completed a medical statement on October 31, 2016. AR 983. He opined, among other things, that Plaintiff would be limited to occasional fine and gross manipulation with her right hand. *Id.* The ALJ gave this opinion little weight, finding it inconsistent with the record as a whole. The ALJ also noted that Dr. Richter had not seen Plaintiff since May 27, 2015, and that more recent evidence suggests less extreme limitations than those opined by Dr. Richter.

"[A] judge should give controlling weight to the treating physician's opinion as long as it is supported by medical findings and consistent with substantial evidence in the record." *Kaminski v. Berryhill*, 894 F.3d 870, 874 (7th Cir. 2018) (citing 20 C.F.R. § 404.1527(c)(2); *Gerstner v. Berryhill*, 879 F.3d 257, 261 (7th Cir. 2018); *see also Gudgel*, 345 F.3d at 470; *Schmidt v. Astrue*, 496 F.3d 833, 842 (7th Cir. 2007). If the ALJ declines to give a treating source's opinion controlling

4

weight, he must still determine what weight to give it according to the following factors: the length, nature, and extent of the physician's treatment relationship with the claimant; whether the physician's opinions were sufficiently supported; how consistent the opinion is with the record as a whole; whether the physician specializes in the medical conditions at issue; and other factors, such as the amount of understanding of the disability programs and their evidentiary requirements or the extent to which an acceptable medical source is familiar with other information in the claimant's case. 20 C.F.R. §§ 404.1527(c)(2)(i)-(ii), (c)(3)-(6). Furthermore, "whenever an ALJ does reject a treating source's opinion, a sound explanation must be given for that decision." *Punzio v. Astrue*, 630 F.3d 704, 710 (7th Cir. 2011).

The record reflects that Plaintiff underwent surgery for her right hand in November of 2013, and she also received a steroid injection in her left arm for her carpal tunnel. AR 16. In October 2014, she reported pain in both hands, as well as numbness and tingling. AR 17. Her muscle strength was 3-4/5 on the right. *Id.* Further, Plaintiff had a lot of difficulty with buttoning, unbuttoning, opening bottle caps, picking up coins, and handling a pen due to pain in her right hand. *Id.* The ALJ stated that more recent evidence shows improvement and that Plaintiff's limitations are not as severe as Dr. Richter opined, but failed to identify any evidence in the decision that would show improvement in Plaintiff's condition since surgery or otherwise contradict Dr. Richter's opinion. The ALJ has not sufficiently analyzed the medical evidence to enable the Court to be able to trace her reasoning. *Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002); *Diaz v. Chater,* 55 F.3d 300, 307 (7th Cir. 1995). The Court cannot offer meaningful review where the ALJ has not built a logical bridge from the evidence to her conclusion.

Plaintiff also contends that the ALJ did not weigh Dr. Richter's opinion pursuant to the factors in 20 C.F.R. § 404.1527(c)(2). The ALJ failed to discuss Dr. Richter's specialty as a hand

surgeon who performed Plaintiff's surgery, administered injections, and prescribed her medications with regard to her hands. AR 378, 382–84. "Since the ALJ does not indicate that [s]he evaluated these factors, the Court is unable to assess whether the ALJ properly assigned minimal weight to the treating physicians' opinions. Accordingly, a remand is necessary." *Barbarigos v. Berryhill*, No. 17 C 3234, 2019 WL 109373, at *11 (N.D. Ill. Jan. 4, 2019) (citing *Campbell v. Astrue*, 627 F.3d 299, 308 (7th Cir. 2010)). Rather than give weight to the opinion of Plaintiff's treating specialist, the ALJ gave weight to the opinions of non-examining medical consultants who gave their opinions prior to that of Dr. Richter. ALJs are directed to "give more weight to the medical opinion of a source who has examined [the claimant] than to the medical opinion of a medical source who has not examined [her]." 20 C.F.R. §§ 404.1527(c)(1), 416.927(c)(1); *see also Vanprooyen v. Berryhill*, 864 F.3d 567, 572-73 (7th Cir. 2017) (finding error where "without any logical explanation, the administrative law judge gave substantial weight to the opinions of consulting physicians who had never examined [the plaintiff], saying only that they had provided "a good synopsis of the evidence" and that "their opinions are consistent with the overall record"). The failure to properly weigh the treating specialist's opinion is not harmless, as the VE testified that limiting Plaintiff to occasionally handling, fingering, and feeling on the right side would preclude Plaintiff from her past occupations as well as others he identified. On remand, the ALJ should provide a complete analysis of Dr. Richter's opinion.

The ALJ erred in weighing the opinion of Dr. Richter. This case is being remanded for the ALJ to conduct a thorough analysis of the medical evidence. As for the remaining arguments, the Court expresses no opinion about the previous ALJ decision nor the decision to be made on remand. However, the Court encourages the ALJ to build a logical bridge between the evidence in the record and the ultimate conclusions, whatever those might be. *See Myles v. Astrue*, 582 F.3d 672, 678 (7th

Cir. 2009) ("On remand, the ALJ should consider all of the evidence in the record, and, if necessary, give the parties the opportunity to expand the record so that he may build a 'logical bridge' between the evidence and his conclusion."). The Commissioner should not assume that any allegations not discussed in this opinion have been adjudicated in her favor.

**IV.     Conclusion**

For the foregoing reasons, the Court hereby **GRANTS** the relief requested in the Plaintiff's Opening Brief [DE 16], and **REMANDS** this matter for further proceedings consistent with this opinion.

SO ORDERED this 22nd day of August, 2019.

                                              s/ John E. Martin
                                              MAGISTRATE JUDGE JOHN E. MARTIN
                                              UNITED STATES DISTRICT COURT

cc:     All counsel of record